## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**                    **CIVIL ACTION NO.**

**VERSUS**                                                      **19-507-SDD-EWD**

**ROBERT WRIGHT, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SHANNON ALEXANDER (#298078)**                    **CIVIL ACTION NO.**

**VERSUS**                                          **19-507-SDD-EWD**

**ROBERT WRIGHT, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Shannon Alexander ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, who is representing himself.[1]  Based on the screening process for such complaints, it is recommended that Plaintiff's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### I.    Background

Plaintiff brings this suit against Robert Wright ("Wright") and Nathaniel Johnson ("Johnson") under 42 U.S.C. § 1983, alleging these Defendants violated his constitutional rights when they did not follow proper protocols after Plaintiff reported a sexual assault by another inmate.[2]  Plaintiff also alleges that Johnson deliberately and intentionally falsified the log book to indicate that Plaintiff's sexual assault allegation was false.[3]  Plaintiff seeks monetary relief, release from custody, injunctive relief, and that he be held "in safe keeping" while housed at LSP.[4]

---

[1] R. Docs. 1, 3, & 11.
[2] R. Doc. 3, pp. 4-8.
[3] R. Doc. 3, p.p. 6-7.
[4] R. Doc. 3, p. 10.

## II.    Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5]  The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] While the

---

[5] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.   Plaintiff was granted permission to proceed *in forma pauperis* on September 27, 2019 (R. Doc. 6) and was then relieved of his obligation to pay the initial partial filing fee until funds were available (R. Doc. 12), so both statutes apply.

[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[7] *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).

[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[9] *Id.*

screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12]   A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Plaintiff Has Failed to State a Claim for Defendants' Alleged Failure to Follow Procedure

Plaintiff complains that he notified Wright and Johnson on or about July 3, 2018 that another offender, Charles Jones, had forced Plaintiff to perform oral sex, but that neither Defendant "followed proper mandated procedures by notifying medical/and/or investigated [sic] services."[14] Instead, Johnson wrote in a logbook that Plaintiff made a false PREA[15] claim.[16]   Plaintiff complains that because "medical" was not notified saliva, which would have served as evidence regarding the sexual assault, was not preserved,[17] thus violating his constitutional right to due process.[18]   In a later supplement, Plaintiff also alleges that Defendants further violated his due process rights by failing to advise him "not to eat, drink or brush the teeth or otherwise take any action that could damage or destroy physical evidence pending completion of the gathering of that evidence and/or the initial investigation."[19]

---

[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] R. Doc. 3, p. 5.
[15] PREA is the Prison Rape Elimination Act of 2003.
[16] R. Doc. 3, p. 5.
[17] R. Doc. 3, p. 6.
[18] R. Doc. 3, p. 6.
[19] R. Doc. 11, p. 2.

Plaintiff complaints regarding the handling of his PREA claim against another inmate do not establish a due process violation. An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved,[20] and there is no procedural due process right inherent in such a claim.[21] As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[22]

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.[23]

Other courts have extended this rationale to conclude that inmates have no constructional right to have allegations of sexual assault properly investigated or handled. In *Greenup v. LeBlanc*,[24] an inmate plaintiff complained of sexual abuse by a guard and alleged that nothing was done regarding his report of abuse and that a proper "PREA investigation" was not conducted. The Western District of Louisiana dismissed the claim as frivolous pursuant to §§1915(e) and 1915A based on the determination that inmates do not have any constitutional right to have his grievances resolved in his favor.[25] Similarly, in *Todd v. Young*,[26] a plaintiff alleged that another inmate forced the plaintiff to perform oral sex, that two officers who were nearby failed to observe

---

[20] *Mahogany v. Miller*, 252 Fed.Appx. 593, 595 (5th Cir. 2007).

[21] To the extent Plaintiff asserts a separate claim related to Johnson's falsification of the logbook, such a claim is also subject to dismissal. Although Plaintiff does not allege that Johnson's falsification of the logbook resulted in any disciplinary action against Plaintiff, even a falsified report that results in punishment is not a constitutional violation. *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).

[22] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).

[23] *Id*. at 373-74.

[24] No. 18-1659, 2019 WL 4940281 (W.D. La. March 16, 2019).

[25] *Id.* at *8.

[26] No. 19-1184, 2019 WL 7938536, at *1 (W.D. La. Nov. 19, 2019), *report and recommendation adopted*, No. 19-1184, 2020 WL 755084 (W.D. La. Feb. 13, 2020).

or to protect the plaintiff from the assault, and that his PREA report and grievances were wrongfully denied.[27]  The court dismissed the plaintiff's claims as frivolous citing *Geiger* and noting that the plaintiff did not have a federally protected liberty interest in having his grievances resolved to his satisfaction.[28]  Likewise, in *Campbell v. Thaler*,[29] a court held that an inmate did not have any right to have his alleged sexual assault properly investigated or handled, again analogizing to *Geiger*.[30]

### C.  Plaintiff Has Failed to State a Claim for Deliberate Indifference

Plaintiff also alleges Defendants "committed deliberate indifference" because they "clearly deprived plaintiff of his Louisiana and United States Constitutional right to Due Process" by failing to gather evidence of the alleged sexual assault and failing to advise the Plaintiff regarding preservation of evidence.[31]  As stated above, Defendants failure to follow alleged prison procedures with respect to sexual assault allegations does not state a claim.  Plaintiff has not alleged any other facts that indicate the Defendants were deliberately indifferent to his health or safety by failing to protect him or through deliberate indifference.

Although prison officials generally "have a duty ... to protect prisoners from violence at the hands of other inmates,"[32] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[33]  "Deliberate indifference" is the standard applied in evaluating a failure to

---

[27] *Id.*, at *1.

[28] *Id.*, at *5.

[29] No. 11-396, 2012 WL 32959, at *3-4 (E.D. Tex. Jan. 6, 2012).

[30] *See also Ray v. Wilson*, No. 16-115, 2017 WL 9806929, at *5 (E.D. Tex. Oct. 17, 2017), *report and recommendation adopted*, No. 16-115, 2018 WL 1870155 (E.D. Tex. Apr. 19, 2018); *Garcia v. Davis*, No. 20-19, 2020 WL 3493063, at *5 (S.D. Tex. April 8, 2020), *report and recommendation adopted*, No. 20-19, 2020 WL 3491846 (S.D. Tex. June 26, 2020).

[31] R. Doc. 11, p. 2.  In a prior amended complaint, Plaintiff also sought damages for "recognition of a violation of Plaintiff [sic] Eighth Amendment right related to deliberate indifference/reckless and/or callous indifference to plaintiff [sic] constitutional right(s).").  R. Doc. 3, p. 9.

[32] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[33] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).

5

protect claim. This term has been defined as including an element of "subjective recklessness" as used in the criminal law.[34]  An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[35]  A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[36]  While Plaintiff alleges that the response by Johnson and Wright was inadequate, he does not allege any facts showing that either Defendant knew at that time of the sexual assault that Plaintiff was at risk and failed to protect him.[37]  Thus, Plaintiff has not stated a claim for deliberate indifference in this regard.

Additionally, Plaintiff has not alleged any facts to indicate that Defendants were deliberately indifferent to a serious medical need of Plaintiff's, which would require him to allege both that a serious medical need existed and that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[38]  Plaintiff's primary complaint against Defendants appears to be related to the destruction of evidence Plaintiff felt would show that a sexual assault occurred, rather than to any serious medical need he had arising from the alleged incident. Plaintiff does not specifically allege that he had any serious medical need, and the facts alleged do not indicate that such a need should have been obvious to Defendants.[39]  To

---

[34] *Farmer*, 511 U.S. at 837.
[35] *Id.*
[36] *Id.* at 847.
[37] *See Vasquez v. Livingston*, 617 Fed.Appx. 350, 350-51 (5th Cir. 2015) (affirming dismissal of the plaintiff's claims for failure to state a claim where he alleged prison officials did not follow policy following his sexual assault and failed to protect him from such assault).
[38] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[39] *Compare Renee v. Peralez*, No. 16-281, 2017 WL 3335989, at *8 (S.D. Tex. Aug. 3, 2017) (permitting a claim for deliberate indifference to a serious medical to survive the defendants' motion to dismiss because "even laymen" could recognize that the violent sexual assault the plaintiff endured [and which the defendants were alleged to have watched on a video recording] would have given rise to a serious medical need).

6

the extent the report of a sexual assault implies a serious medical need, Plaintiff still cannot state a claim for deliberate indifference because he did eventually see medical personnel.[40]  Though Plaintiff was not treated immediately, which he says deprived him of the opportunity to have "evidence" collected, he was seen by medical personnel, albeit "days after the fact."[41]  Plaintiff's only apparent complaint regarding this delay is that "it was too late" because the "evidence was gone" by that time.[42]  The failure to preserve evidence relates to Plaintiff's due process claim which, as explained above, is not cognizable in this action.  Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[43]  Plaintiff's Complaint, as amended, does not contain facts to show that he suffered substantial harm because of any delay in medical care.  Thus, Plaintiff cannot state a claim for deliberate indifference to a serious medical need.

### D.  Plaintiff Has Not Stated a Claim Pursuant to the PREA

To the extent Plaintiff argues that his rights under the PREA were violated, the PREA does not create such a cause of action.[44]  The PREA does not create a private right of action for inmates to sue prison officials for noncompliance with the PREA.[45]  Instead, the PREA was intended to address the problem of rape in prison, authorize grant money, and create a commission to study the issue; it does not give prisoner's any specific rights.[46] To the extent Plaintiff alleges Defendants violated PREA by not investigating his claims properly, this fails to state a claim for the same

---

[40] R. Doc. 3, p. 6.
[41] R. Doc. 3, pp. 5-6.
[42] R. Doc. 3, p. 6.
[43] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[44] *Krieg v. Steele*, 599 Fed.Appx. 231, 232-33 (5th Cir. 2015).
[45] *Abshire v. Corrections Corporation of America*, No. 15-2470, 2015 WL 10579295 (W.D. La. Dec. 21, 2015).
[46] *Id.*, (citing *Chinnici v. Edwards*, No. 07-229, 2008 WL 3851294 (D. Vt. Aug. 13, 2008)).

reason.[47]    Accordingly, to the extent Plaintiff has attempted to frame his claims as PREA violations, his claims lack merit.

### E.  The Exercise of Supplemental Jurisdiction Should Be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[48]  Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

### F.  Plaintiff Should Not Be Given Leave to Further Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[49]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[50]  Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[51]

---

[47] *Means v. Stephen*, No. 18-140, 2019 WL 847944 (W.D. La. Jan 31, 2019) (a plaintiff's claim that defendants prevented him from filing a grievance concerning sexual assault pursuant to the PREA was not cognizable under § 1983).

[48] 28 U.S.C. § 1367.

[49] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

[50] *Id.*

[51] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Plaintiff has already amended his Complaint twice. Despite these amendments,[52] his claims still fail.[53] Courts are not required to give unending leave to amend for a *pro se* plaintiff to attempt to state a claim.[54] Additionally, Plaintiff's Complaint, as amended, is easy to comprehend. The allegations are clear that Plaintiff believes Defendants mishandled his complaint of sexual assault by another inmate. No matter how Plaintiff might seek to further amend his Complaint, any amendment consistent with these facts would result in an inability to state a federal claim. For that reason, denial is recommended, should Plaintiff seek leave to amend.

## RECOMMENDATION

**IT IS RECOMMENDED** that all federal claims be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[55]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

**IT IS FURTHER RECOMMENDED** that leave to amend be denied, if sought.

Signed in Baton Rouge, Louisiana, on June 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[52] R. Doc 5.

[53] *See Landry v. Louisiana Correctional Institute for Women*, No. 17-227, 2019 WL 4270988, at *16 (M.D. La. Sept. 26, 2019), (citing *Marucci Sports*, 751 F.3d at 378 ("repeated failures to cure deficiencies by amendments previously allowed is a factor to consider when granting or denying leave to amend.")).

[54] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165, at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).

[55] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."